PROB 12B
(7/93)

# United States District Court
## for the
## District of Alaska

**Request for Modification of Conditions or Term of Probation
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Margaret Felix                           Case Number: A03-0121 CR (JDR)

Sentencing Judicial Officer:   John D. Roberts, U.S. Magistrate Judge

Date of Original Sentence:   November 14, 2003

Original Offense:   Theft of Public Money

Original Sentence:   3 years probation

Date Supervision will Commence:   November 14, 2003

### PETITIONING THE COURT

[ ]   To extend the term of probation for _____ years, for a total term of _____ years.
[X]   To modify the conditions of probation as follows:

"The defendant shall attend and complete the six-week residential alcohol-abuse treatment program at the Phillips Ayagnirvik Treatment Center (PATC) in Bethel, Alaska, and shall be responsible for any costs associated with the residential treatment and the travel to and from treatment."

### CAUSE

On November 14, 2003, the Court sentenced the defendant to three years probation and $3,282.19 in restitution following her conviction for Theft of Public Money. On September 13, 2005, the probation officer filed a Petition for Warrant or Summons alleging that the defendant had violated a mandatory condition of supervision prohibiting her from committing new crimes. The basis for the petition was information received from the District Court in Bethel, Alaska, that the defendant had been charged with Assault in the 4th Degree in case 4BE-05-1365 CR. The Court issued a warrant for her arrest. On September 13, 2005, the probation officer learned that the defendant had also been charged with Violation of Conditions of Release in case 4BE-05-1394 CR. Both charges involved consumption of alcohol, the second being a direct violation of the court's release order on the first charge. On September 20, 2005, the probation officer was notified that the defendant had been convicted and served her time and was available for federal court. On September 21, 2005, the probation officer was notified by the Federal Public Defender that the defendant had been convicted of the charge involving the Violation of Release Order and that the Assault in the 4th Degree charge (as alleged in the Petition) had been dismissed. At that time the probation officer, prosecutor, and public defender negotiated a resolution of the pending petition, wherein the government would agree to dismiss the petition in

*Request for Modification of Conditions or Term*
*Name of Offender        :        Margaret Felix*
*Case Number             :        A03-0121 CR (JDR)*

exchange for the defendant agreeing to certain modifications of her probation (see docket 32). Among the modifications was a condition that the offender consume no alcohol.

On February 10, 2006, the offender and her husband were contacted by the State of Alaska Department of Public Safety in Stebbins, Alaska and both were found to be intoxicated. The offender was given a breath alcohol test which indicated a blood alcohol level of .121. The offender's husband was arrested, as he was on state probation at the time and his blood alcohol level was .160. The offender did not report this police contact to the probation officer. The violation was discussed with the U.S. Attorney's Office the violation was addressed with a stern Letter of Reprimand. At present there is no alcohol treatment available in Stebbins, Alaska.

On May 5, 2006, the offender was contacted by the Police Department at the Yukon Lodge in Bethel, Alaska and was found to be so intoxicated that she was, "unable to care for herself" and was taken to the hospital emergency room. After being medically cleared, the offender was taken to jail in Bethel for a 12-hour period. The offender did not report this police contact to her probation officer.

On May 9, 2006, at 8:30 pm, the undersigned, who was informed by her family that she was in Anchorage, went to Room 127 of the Days Inn in downtown Anchorage, where Joseph and Margaret Odinzoff (nee: Felix) were temporarily residing. Joseph Odinzoff smelled of alcohol, was slurring his speech, and there was a half-full bottle of Black Velvet whiskey with no cap on the desk next to the television. Margaret Odinzoff stated that she had just had gall stone surgery three hours prior and the probation officer observed no evidence that she had been recently drinking. The probation officer asked her about the incident in Bethel on May 5, where she was taken to the hospital and then the jail by Bethel Police. She advised that she remembered the incident and that she had been arrested at the Yukon Lodge only consumed a "cup and a half" of "booze." She did remember going to the hospital and the jail and knew that she shouldn't drink alcohol. At that point Joseph Odinzoff added that Margaret had consumed alcohol because she was jealous as he had been with another woman. Several times Joseph Odinzoff stated that it was all his fault and that he takes full responsiblilty for Margaret drinking. Margaret agreed and stated that she knew it was a violation of her probation as she had been ordered to not consume alcohol by the Court after her prior alcohol-related conviction. When asked if she would consider going to residential treatment, she agreed and offered that she would attend the 6-week alcohol treatment program in Bethel called PATC. The probation officer stated that a waiver form would be prepared for that purpose and would be presented to the offender the following day at their hotel room at 08:00. It was explained to the offender that the Court would then be presented with the proposal but that the ultimate decision on the drinking violations rested with the Court. She agreed that she had an alcohol problem and that it would be good for her children if she went to the treatment. At that point I asked Joseph if he would consider treatment also with Margaret and he agreed because, "I love my wife." The officer advised that Joseph's probation officer would be notified that he had been drinking but that he had also agreed to treatment should that be an option for his violation (The probation officer had prior knowledge that Joseph has an alcohol prohibition also). At that point another person knocked on the door and it was Joseph Odinzoff's sister. She entered, which made for four people in the hotel room. The undersigned excused himself but stated that before leaving the bottle of Black Velvet was going to be seized from the desk. Margaret Odinzoff agreed to the seizure but Joseph Odinzoff said "no" to the statement and said "watch me," wherein abruptly he took the bottle, went into the bathroom, and poured out the contents in the bathroom sink. He then gave the empty bottle to the probation officer.

*Request for Modification of Conditions or Term*
*Name of Offender*      :      Margaret Felix
*Case Number*           :      A03-0121 CR (JDR)

On May 10, 2006, at 08:00 a.m. the probation officer returned to room 127 of the Days Inn, Anchorage, Alaska, where the offender was staying, and the offender signed the attached waiver form agreeing to complete residential treatment in Bethel. She stated that she had attended treatment there previously and that it would be at no cost to her. She was cautioned that the Court would have the ultimate say in the disposition of her case but that the probation officer was going to be recommending the residential treatment option. A second empty bottle of Black Velvet whiskey was found in the trash and seized, which Joseph Odinzoff admitted to consuming.

Respectfully submitted,

_____
Eric D. Odegard
U.S. Probation/Pretrial Services Officer
Date: May 10, 2006

**THE COURT ORDERS:**

[ ]   No Action
[ ]   The Extension of Supervision as Noted Above
[X]   The Modification of Conditions as Noted Above
[ ]   Other:

_____

/s/ John D Roberts [seal affixed]
**SIGNATURE REDACTED**
John D. Roberts
U.S. Magistrate Judge
Date: 5-15-06

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF ALASKA

U.S.A. v Margaret Felix                                Docket No. A03-0121 CR (JDR)

I, <u>Margaret Felix (married name Margaret Odinzoff)</u>, have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my conditions of supervised release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my conditions of supervised release or to the proposed extension of my term of supervision:

"The defendant shall attend and complete the six-week residential alcohol-abuse treatment program at the Phillips Ayagnirvik Treatment Center (PATC) in Bethel, Alaska, and shall be responsible for any costs associated with the residential treatment and the travel to and from treatment."

Signed: *[signature]*                                      Date: 5/10/06
Margaret Felix (aka Margaret Odinzoff)
Probationer

Witness: *[signature]*                                     Date: 5/10/06
Eric Odegard
U.S. Probation Officer