PS 8
(Rev. 12/04)

# UNITED STATES DISTRICT COURT

for

District of Alaska

U.S.A. vs. Margaret Felix          Docket No. A03-0121 CR (JDR)

**Petition for Action on Conditions of Pretrial Release**

COMES NOW _____Eric Odegard_____, pretrial services/probation officer, presenting an official report upon the conduct of defendant _____Margaret Felix_____, who was placed under pretrial release supervision by the Honorable _____Philip Pallenberg_____, sitting in the court at _____Anchorage_____ on the __31st__ date of _____July_____, __2006__ under the following conditions:

(X) (v) comply with conditions of probation as previously ordered.

(X) (w) reside at Tundra Center (eligible for work release) as directed by probation officer.

(X) (x) participate in inpatient treatment at PATC as directed by probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short, insert here. If lengthy, write on separate sheet and attach.)

See attached memo.

PRAYING THAT THE COURT WILL ORDER

ORDER OF COURT

Considered and ordered this __17th__ day of __October__, 20__06__ and ordered filed and made a part of the records in the above case.

**REDACTED SIGNATURE**

U.S. District Judge/Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __10/17/06__

**REDACTED SIGNATURE**

U.S. Pretrial Services/Probation Officer

Place __Anchorage, AK__

UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE - DISTRICT OF ALASKA

# MEMORANDUM

DATE: October 10, 2006

REPLY TO ATTN OF: Eric D. Odegard
Supervising U.S. Probation/Pretrial Services Officer

SUBJECT: **Margaret Felix**
**A03-0121 CR (JDR)**
**Report of Pretrial Violation**
**Request for Bench Warrant**

TO: Honorable John D. Roberts
U.S. Magistrate Judge

CC: Bryan Schroder, AUSA
M.J. Haden

On November 14, 2003, the Court sentenced the defendant to three years probation and $3,282.19 in restitution to the U.S. Postal Service. The defendant appeared telephonically from her home in Toksook Bay, Alaska.

On March 8, 2004, the probation officer traveled to Bethel, Alaska and met with the offender and personally covered the conditions of probation. The offender signed a copy of the judgment indicating that she understood the conditions.

On September 13, 2005, the probation officer filed a Petition for Warrant or Summons alleging that the defendant had violated a mandatory condition of supervision prohibiting her from committing new crimes. The basis for the petition was information received from the District Court in Bethel, Alaska, that the defendant had been charged with Assault in the 4th Degree in case 4BE-05-1365 CR. The Court issued a warrant for her arrest. On September 13, 2005, the probation officer learned that the defendant had also been charged with Violation of Conditions of Release in case 4BE-05-1394 CR. Both charges involved consumption of alcohol, the second being a direct violation of the court's release order on the first charge. On September 20, 2005, the probation officer was notified that the defendant had been convicted and served her time and was available for federal court. On September 21, 2005, the probation officer was notified by the Federal Public Defender that the defendant had been convicted of the charge involving the Violation of Release Order and that the Assault in the 4th Degree charge (as alleged in the Petition) had been dismissed. At that time the probation officer, prosecutor, and public defender negotiated a resolution of the pending petition, wherein the government would agree to dismiss the petition in exchange for the defendant agreeing to certain modifications of her probation (see docket 32). Among the modifications was a condition that the offender consume no alcohol.

On February 10, 2006, the offender and her husband were contacted by the State of Alaska Department of Public Safety in Stebbins, Alaska and both were found to be intoxicated. The offender was given a breath alcohol test which indicated a blood alcohol level of .121. The offender's husband was arrested, as he was on state probation at the time and his blood alcohol level was .160. The offender did not report this police contact to the probation officer. The violation was discussed with the U.S. Attorney's Office the violation was

addressed with a stern Letter of Reprimand. At present there is no alcohol treatment available in Stebbins, Alaska.

On May 5, 2006, the offender was contacted by the Police Department at the Yukon Lodge in Bethel, Alaska and was found to be so intoxicated that she was, "unable to care for herself" and was taken to the hospital emergency room. After being medically cleared, the offender was taken to jail in Bethel for a 12-hour period. The offender did not report this police contact to her probation officer.

On May 9, 2006, at 8:30 pm, the undersigned, who was informed by her family that she was in Anchorage, went to Room 127 of the Days Inn in downtown Anchorage, where Joseph and Margaret Odinzoff (nee: Felix) were temporarily residing. Joseph Odinzoff smelled of alcohol, was slurring his speech, and there was a half-full bottle of Black Velvet whiskey with no cap on the desk next to the television. Margaret Odinzoff stated that she had just had gall stone surgery three hours prior and the probation officer observed no evidence that she had been recently drinking. The probation officer asked her about the incident in Bethel on May 5, where she was taken to the hospital and then the jail by Bethel Police. She advised that she remembered the incident and that she had been arrested at the Yukon Lodge only consumed a "cup and a half" of "booze." She did remember going to the hospital and the jail and knew that she shouldn't drink alcohol. At that point Joseph Odinzoff added that Margaret had consumed alcohol because she was jealous as he had been with another woman. Several times Joseph Odinzoff stated that it was all his fault and that he takes full responsiblilty for Margaret drinking. Margaret agreed and stated that she knew it was a violation of her probation as she had been ordered to not consume alcohol by the Court after her prior alcohol-related conviction. When asked if she would consider going to residential treatment, she agreed and offered that she would attend the 6-week alcohol treatment program in Bethel called PATC. The probation officer stated that a waiver form would be prepared for that purpose and would be presented to the offender the following day at their hotel room at 08:00. It was explained to the offender that the Court would then be presented with the proposal but that the ultimate decision on the drinking violations rested with the Court. She agreed that she had an alcohol problem and that it would be good for her children if she went to the treatment. At that point I asked Joseph if he would consider treatment also with Margaret and he agreed because, "I love my wife." The officer advised that Joseph's probation officer would be notified that he had been drinking but that he had also agreed to treatment should that be an option for his violation (The probation officer had prior knowledge that Joseph has an alcohol prohibition also). At that point another person knocked on the door and it was Joseph Odinzoff's sister. She entered, which made for four people in the hotel room. The undersigned excused himself but stated that before leaving the bottle of Black Velvet was going to be seized from the desk. Margaret Odinzoff agreed to the seizure but Joseph Odinzoff said "no" to the statement and said "watch me," wherein abruptly he took the bottle, went into the bathroom, and poured out the contents in the bathroom sink. He then gave the empty bottle to the probation officer.

On May 10, 2006, at 08:00 a.m. the probation officer returned to room 127 of the Days Inn, Anchorage, Alaska, where the offender was staying, and the offender signed the attached waiver form agreeing to complete residential treatment in Bethel. She stated that she had attended treatment there previously and that it would be at no cost to her. She was cautioned that the Court would have the ultimate say in the disposition of her case but that the probation officer was going to be recommending the residential treatment option. A second empty bottle of Black Velvet whiskey was found in the trash and seized, which Joseph Odinzoff admitted to consuming.

On May 15, 2006, the Court ordered the subject into a residential treatment program in Bethel, Alaska, which is part of the Yukon Kuskokwim Health Corporation. On May 19, 2006, the offender was contacted telephonically in Toksook Bay, Alaska and directed to contact the Village Wellness Counselor to complete an assessment for alcohol abuse.

On May 25, 2006, the defendant completed part of the assessment for the treatment program in Toksook Bay, Alaska but was to contact the counselor to finish her assessment at a later date.
On June 2, 2006, the probation officer received notice that the assessment was almost complete but that the offender had still failed to provide some additional information which was necessary to complete the assessment.

On June 7, 2006, the Bethel Police Department, which had received a report of a fight in progress, contacted the offender at 280 Schwalbe, Bethel, Alaska. The offender was found to be "highly intoxicated and unable to care for herself." The offender was taken to the local emergency room and then to the Yukon Kuskokwim Correctional Center, where she was held for 12 hours. The offender has not reported this police contact with the probation officer.

On June 8, 2006, the probation officer contacted the Yukon Kuskokwim residential treatment program about getting the subject into treatment immediately and was informed that there was a waiting list unless the offender was pregnant or involved with the Office of Children's Services. On June 12, 2006, the probation officer received a call from the Village Wellness Counselor in Toksook Bay, Alaska, who stated that he was unaware that the subject was in Bethel and had never been re-contacted by the offender to finish her assessment and that placement in a program was delayed because the offender had not followed up with her assessment.

On June 12, 2006, the probation officer was informed by Yukon Kuskokwim Health Corporation that placement for residential treatment may not occur before October 2006.

On June 13, 2006, the probation officer filed a 6-allegation Petition with the Court (Docket 39), which resulted in the offender's arrest.

On July 31, 2006, the offender appeared telephonically before the Honorable Philip M. Pallenberg, U.S. Magistrate Judge, who ordered the offender released on conditions (Docket 47). Among the conditions of release were that the offender reside at the Tundra Center as directed by the probation officer and to participate in inpatient treatment at PATC as directed by the probation officer. On July 31, 2006, the offender was released to the Tundra Center and began the process of being assessed for residential treatment at PATC. On September 21, 2006, the offender was accepted into the PATC program and was directed by her probation officer to complete the seven-week residential treatment program at PATC. During the first few days of her treatment, the offender called the probation officer often and requested release from the program as she "missed" her children. It was explained to her on several occasions that her treatment had to completed as it was a condition of her release. On October 10, 2006, the probation officer was notified by the offender's primary counselor that the offender had "walked away" from PATC on October 7, 2006 at 11:00 am and that she had called another PATC resident that evening and was "highly intoxicated." PATC has not heard from the offender since that time.

It appearing that the offender is in violation of her condition of release that she "participate in inpatient treatment at PATC as directed by the probation officer," it is respectfully recommended that the Court issue a bench warrant for the offender's arrest and that the offender be brought before the Court. It is further recommended that the petition at Docket 39, previously held in abeyance, be reinstated at this time and that the offender be held to answer to those allegations.